# ORDERED ACCORDINGLY.

**Dated: September 04, 2009**

**ATCHLEY & DELGADO, LLP**
ATTORNEYS AT LAW
1819 E. SOUTHERN AVE, SUITE A-10
MESA, ARIZONA 85204
(480) 497-5009
FAX (480) 497-5029
mark@arizonabk.com

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

Mark R. Atchley  21419
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT for the DISTRICT OF ARIZONA

| | |
|---|---|
| In re : | CHAPTER 13 No. 08-13714 GBN |
| John A. Bake,<br>Heather A. Bake,<br><br>Debtors. | Order Confirming Chapter 13 Plan and for Payment of Administrative Expense |

Upon consideration of the Chapter 13 Plan and Application for Payment of Administrative Expense proposed by debtors,

IT IS ORDERED, debtors' proposed plan is confirmed with any following changes herein:

1. **Property and income submitted to the plan**. Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the plan:

    a. **Future earnings or income**. Debtor shall make monthly payments to the Trustee, on or before the sixth (6th) day of each month, in accordance with the following schedule:

| Month | Date | Payment | Total |
|-------|------|---------|-------|
| 1—4 | Nov 08 to Feb 09 | $600 | $2,400 |
| 5—7 | Mar 09 to May 09 | Moratorium | $0 |
| 8 | June 09 | $690 | $690 |
| 9—60 | Jul 09 to Oct 13 | $606 | $31,512 |

    b. **Tax returns**. Debtor(s) shall provide to the Chapter 13 Trustee copies of their tax returns, State and Federal, when filed, for tax years 2008 & 2009. Income tax refunds turned over to trustee shall be treated as advance plan payments under paragraph 1.a above.

2010

1

c.  **Other property**. In the event any other property is submitted to the Trustee, it shall be treated as advance payments under paragraph 1.a above, unless otherwise ordered by this court.

2.  **Duration**. This plan shall continue for sixty (60) months from the first payment. If at any time before the end of this period all allowed claims are paid, the plan shall be deemed completed, and shall terminate. In no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full. Any funding shortfall must be cured prior to discharge of the case.

3.  **Classification and treatment of claims**.
    a.  **Administrative expenses**.
        (1) *Trustee's fees and costs*. The trustee shall receive such percentage fee of plan payments made as may periodically be fixed by the attorney general pursuant to 28 U.S.C. Section 586(e), but not to exceed 10%.
        (2) *Debtor's attorney's fees* Debtors' attorney shall be paid $3,000 prior to payment on any claim listed hereafter.

    b.  **Claims secured by real property**.
        (1) The creditor listed below shall retain its security interest in the real property located at 177 W Shannon St., Gilbert, AZ 85233, hereafter called the "real property". The value of the real property is estimated to be $215,000.
        (2) Debtor's homestead exemption in the real property and in any identifiable cash proceeds from the sale of the real property is allowed. The debtor may use the real property in any manner and may transfer, encumber, or sell the real property without further order of this court or the Trustee's approval, and subject to applicable security interests.
        (3) Regular monthly payments becoming due after the filing of the petition commencing this case and not specifically provided for below shall be made outside of this plan. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrearage treated by this plan.
        (4) The arrearage shall be paid in full, without interest, prior to payment on all unsecured claims listed hereafter.

### Lien position 1: Bank of America

| Arrearage Description | Balance |
| --- | --- |
| **Total Pre-petition arrears and costs**  (to be paid in plan with 0% interest) | **$1,342** |

### Lien position 2: Bank of America

| Arrearage Description | Balance |
| --- | --- |
| **Total Pre-petition arrears and costs**  (to be paid in plan with 0% interest) | **$2,350** |

c.  **Claims secured by personal property being retained**. The following creditor shall retain its interest in the property securing its claim. It shall be paid the lesser of the debt balance or the value of the property securing the claim as stated below, plus interest at the rate specified, as a secured claim. Upon payment of this amount, the lien shall be released. Any unpaid balance shall be classified and paid as an unsecured claim. Claims paid as secured shall be paid in full prior to commencement of payment on any claims listed thereafter.

2

| Creditor: | Franklin Capitol | Balance of Claim: | $ 5,819.90 |
|---|---|---|---|
| Security: | Hyundai | Paid as secured Claim: | $ 5,819.90 |
| Value of Security: $6,000 | | Interest Rate on Secured Claim: | 5.00%. |

**Trustee is directed to pay Franklin Capitol $60 per month as adequate protection.**

| Creditor: | TruWest CU | Balance of Claim: | $ 17,900 |
|---|---|---|---|
| Security: | Xterra | Paid as secured Claim: | $ 15,000 |
| Value of Security: | $ 15,000 | Interest Rate on Secured Claim: 7.00% | |

**Trustee is directed to pay TruWest CU $150 per month as adequate protection.**

    d. **Priority claims**. None.

    e. **Unsecured claims**. All claims not specifically provided for above, whether listed in debtors' schedules or omitted therefrom, shall be classified as unsecured and non-priority. Such claims shall be paid their pro rata share of payments under the plan, without interest, after all claims above have been paid in full. Only timely filed unsecured claims will be paid. A creditor filing a secured proof of claim but not paid as secured by this plan shall be classified and paid as an unsecured non-priority claim.

4. **Proofs of Claim**. This plan shall be authority for the Trustee to make payment of secured claims as scheduled herein, but the plan or confirmation order shall not act as a Proof of Claim for any Creditor.

5. **Effective date and vesting**. The effective date of the plan shall be the date of this order. Property of the estate vests in the debtors upon discharge of this plan. Non-exempt property is to remain property of the estate.

Dated:_____

_____
Honorable George B. Nielsen
US Bankruptcy Judge

APPROVED:

_____
Russell A. Brown, Chapter 13 Trustee
9/2/09

_____
Mark S. Bosco, Esq., TIFFANY & BOSCO
Attorney for Bank of America, N.A.

_____
Mark R. Atchley, Esq., ATCHLEY & DELGADO, LLP
Attorney for Debtors John and Heather Bake

3

## FORM 13-2  PLAN ANALYSIS

_____Debtor received a discharge in a case under chapter 7, 11, or 12 during the 4-year period, or in case filed under chapter 13 during the 2-year period, preceding the date of order for relief in this case

_____Debtor's CMI multiplied by 12 exceeds the median income.

## TOTAL DEBT PROVIDED FOR UNDER THE PLAN
## AND ADMINISTRATIVE EXPENSES

A.　PRIORITY CLAIMS
1. Unpaid attorney's fees................................................. $ 3,000
2. Domestic support obligation:...................................... $ 0
3. Taxes........................................................................ $ 0
4. Other......................................................................... $ 0

B.　PAYMENTS TO CURE DEFAULTS............................... $ 3,692
C.　PAYMENTS ON SECURED CLAIMS............................. $ 24,412
D.　PAYMENTS ON GENERAL UNSECURED CLAIMS........... $ 0
E.　SUBTOTAL................................................................ $ 31,104
F.　TRUSTEE'S COMPENSATION (10% of Debtors' payments)................. $ 3,456
G.　TOTAL DEBT AND ADMINISTRATIVE EXPENSES............................ $ 34,560

## RECONCILIATION WITH CHAPTER 7

(a)　Best Interest of Creditors Test:
1. Value of Debtors' interest in nonexempt property........................... $
2. Plus: value of property recoverable under avoiding powers................ $
3. Less: estimated Chapter 7 expenses.......................................... $
4. Less: amounts payable to priority creditors other than costs of administration....................................................................... $
5. Equals: estimated amount payable to unsecured nonpriority creditors if Debtor had filed Chapter 7.................................................... $

(Section (b) to be completed by debtors whose CMI exceeds the state's median income)

(b)　Section 1325(b) Analysis (if debtor's CMI multiplied by 12 exceeds applicable median income:

(1) Amount from Line 58 of Statement of Current Monthly Income....... $
(2) Applicable Commitment Period........................................... 60 months
(3) Amount required to pay to unsecured creditors ((b)(1) times 60)...... $

(c)　ESTIMATED DIVIDEND FOR UNSECURED, NONPRIORITY CREDITORS UNDER THE PLAN (Greater of (a)(5) or (b)(3))................................... $

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.**